AO 245B (Rev. 06/05)  Sheet 1 - Judgment in a Criminal Case

# United States District Court
### District of Minnesota

UNITED STATES OF AMERICA

v.

**Kerry Jon Quam**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **10-237(DSD)**
USM Number: **15528-041**
Social Security Number: **2707**
Date of Birth: **1965**

**John J. Leunig**
Defendant's Attorney

## THE DEFENDANT:

[x]   pleaded guilty to count: **1 of the Information**.
[]   pleaded nolo contendere to counts(s)  which was accepted by the court.
[]   was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to commit mail fraud | 2007 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[]   The defendant has been found not guilty on counts(s) **.**
[]   Count(s)  (is)(are) dismissed on the motion of the United States.

Special Assessment in the amount of $100.00 due immediately.

        It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in the economic circumstances.

**September 7, 2011**
Date of Imposition of Judgment

s/David S. Doty
Signature of Judge

**DAVID S. DOTY**, Senior United States District Judge
Name & Title of Judge

**September 7, 2011**
Date

AO 245B (Rev. 06/05)  Sheet 4 - Probation

DEFENDANT:          KERRY JON QUAM
CASE NUMBER:        10-237(DSD)

# PROBATION

The defendant is hereby sentenced to probation for a term of  **3 years.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

[x]      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[x]      The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[x]      The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[]       The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[]       The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it shall be a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05)  Sheet 4A - Probation

| | |
|---|---|
| DEFENDANT: | KERRY JON QUAM |
| CASE NUMBER: | 10-237(DSD) |

## ADDITIONAL PROBATION TERMS

a   The defendant shall notify the court of any material change in his economic circumstances that might affect his ability to pay restitution, fines or special; assessments.

b   The defendant shall pay restitution in accordance with the schedule of payments sheet of the judgment.

c   If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, the defendant may be required to perform up to 20 hours of community service per week until employed. The defendant may also participate in training, counseling, daily job search, or other employment-related activities, as directed by the probation officer.

d   The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

e   The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

f   The defendant shall not hold employment with fiduciary responsibilities without prior approval from the probation officer.

g   The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved by the probation officer.  Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total costs of treatment.

AO 245B (Rev. 06/05)  Sheet 5 - Criminal Monetary Penalties

DEFENDANT:          KERRY JON QUAM
CASE NUMBER:        10-237(DSD)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|           | Assessment | Fine | Restitution |
|-----------|------------|------|-------------|
| Totals:   | $100.00    | -0-  | $3,283,680.95 |

[]   The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C)
     will be entered after such determination.

[x]  The defendant shall make restitution (including community restitution) to the following payees in the amount listed
     below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless
     specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C.
     §3664(i), all nonfederal victims must be paid before the United States is paid.

| Name and Address of Payee | **Total Loss | Restitution Ordered | Priority or Percentage |
|---------------------------|--------------|---------------------|------------------------|
| Sun Trust Mortgage, Inc.<br>Mail Code MTG 1934<br>901 Semmes Avenue<br>Richmond, VA 23224 | $2,874,035.14 | $2,874,035.14 | |
| Regions Mortgage<br>P.O. Box 18001<br>Hattiesburg, MS 39404 | $409,645.81 | $409,645.81 | |
| | | | |
| **TOTALS:** | **$3,283,680.95** | **$3,283,680.95** | **0.00%** |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[]   Restitution amount ordered pursuant to plea agreement **$**.

[]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in
     full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options
     on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[x]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     [x]  the interest requirement is waived for the [] fine [x] restitution.

     []   the interest requirement for the: [] fine  [] restitution is modified as follows:

    ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April
23, 1996.

AO 245B (Rev. 06/05)  Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT: | KERRY JON QUAM |
| CASE NUMBER: | 10-237(DSD) |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [x]    Lump sum payment of  **$3,283,680.95** due immediately.

[] not later than , or
[x] in accordance  [] C, [] D, [] E, or  [x] F below.

B    []     Payment to begin immediately (may be combined with [] C,   [] D, or [] F below); or

C    []    Payment in equal   (e.g., weekly, monthly, quarterly)  installments of $  over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days) after the date of this judgment; or

D    []    Payment in equal   (e.g., weekly, monthly, quarterly)  installments of $ over a period of  (e.g. months or years),  to commence   (e.g. 30 or 60 days ) after the release from imprisonment to a term of supervision; or

E    []    Payment during the term of supervised release will commence within  (e.g. 30 or 60 days ) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [x]    Special instructions regarding the payment of criminal monetary penalties:

**The defendant shall make payments of at least $100 a month beginning 30 days from the date of the judgment.**

**The court will determine whether additional restitution is due no later than 90 days from the date of the judgment.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[x]    Joint and Several
Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:
**Total amount:  $3,283,680.95; $2,874,035.14 to Sun Trust Mortgage, Inc.; $409,745.81 to Regions Mortgage:**

**Thomas Joseph Balko, Jonathan Edward Helgason and TJ Waconia, LLC in Criminal No. 08-113(1)(2)(3)(JNE)**
**Gayle Deann Claus, Nathan Daniel Jesh and Stacie Marie Ott in Criminal No. 10-165(1)(2)(3)(DSD/JJK)**

[]    The defendant shall pay the cost of prosecution.

[]    The defendant shall pay the following court cost(s):

[]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution  principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7)penalties, and (8) costs, including costs of prosecution and court costs.