UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 10-237(DSD/BRT)

United States of America,

    Plaintiff,

v. **ORDER**

Kerry Jon Quam,

    Defendant,

and

TD Ameritrade,

    Garnishee.

    Charles J. Kovats Jr., Esq. and John R. Marti, Esq., United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Daniel J. Cragg, Esq., Eckland & Blando, LLP, 800 Lumber Exchange, 10 South Fifth Street, Minneapolis, MN 55402, counsel for Defendant.

This matter is before the court upon the objections by defendant Kerry Jon Quam to the July 21, 2015, report and recommendation (R&R) of Magistrate Judge Becky R. Thorson. The magistrate judge recommended that the court deny Quam's objections to the court's post-judgment writ of garnishment. Quam objects to the R&R.

The court reviews the report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). After a review of the file and record, the court finds that the report and recommendation is thorough, well-reasoned, and correct.

The underlying facts are not in dispute and will not be repeated here except as necessary. On March 23, 2015, the court issued a writ of garnishment to TD Ameritrade to collect, in part, on Quam's $3,283,680.95 restitution obligation ordered under the Mandatory Victim Restitution Act. Quam argues that the writ of garnishment is unenforceable because he is only obligated to pay $100 per month in restitution, as stated in his criminal judgment. The court disagrees. As set forth in detail in the R&R, the existence of a payment plan in a criminal judgment does not preclude the government from seeking victim restitution through other avenues. See, e.g., United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007). Despite his argument to the contrary, nothing in Quam's judgment undermines the application of this well-recognized rule. Indeed, Quam's judgment expressly states that he "shall make payments of at least $100 a month beginning 30 days from the date of the judgment." ECF No. 26, at 5.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objections [ECF No. 48] to the R&R are overruled;
2. The R&R [ECF No. 45] is adopted in its entirety; and
3. The writ of garnishment [ECF No. 30] shall be enforced.

Dated: September 1, 2015

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court